THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
FÉLIX REPOLLET, k/a HERIBERTO VALENTÍN MOLINA, De-
fendant and Appellant.

No. CR-66-40.      Decided February 13, 1967.

*E. Armstrong de Watlington* for appellant; *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Adaljisa. Díaz de Collazo, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant, Félix Repollet, was convicted of the offense of robbery, committed while acting in mutual agreement with another individual called Heliodoro Vega. The evidence shows that the victim, Alberto Otero, worked at nighttime. When he finished his work he stopped at five in the morning at a coffee shop in Río Piedras to drink coffee and then continue to his home, located in the ward Caimito of Trujillo Alto. When he was leaving the coffee shop Repollet and Vega came near him and asked him for $2. Upon Otero refusing to give them the money, Vega seized his arms behind his back and Repollet cut him in the chest with a penknife. They stole his wallet and some money he carried in it. At the trial the victim showed to the court the wound inflicted by them in his chest and the magistrate estimated that it was eight or nine inches long.

The only error assigned attacks the sufficiency of the evidence. It is based on the fact that there is some doubt as to whether the one who took the wallet from Otero's pocket was Repollet or Vega. Aside from the fact that the trial court settled said conflict in the evidence, it would not be sufficient to reverse the judgment, for the evidence shows that both, Repollet and Vega, participated actively in the robbery and this makes Repollet a principal in the crime committed. Our positive law provides that "All persons concerned in the commission of a crime whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense . . . are principals in any crime so committed." Penal Code § 36, 33 L.P.R.A. § 82.

There being no ground at all for the reversal of the judgment appealed from, it will be affirmed.